UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN W. SAMPSON, TRUSTEE,<br><br>Plaintiff,<br><br>- against -<br><br>JAMES D. ROBINSON III, LEWIS B. CAMPBELL, JAMES M. CORNELIUS, LAURIE H. GLIMCHER, M.D., VICKI L. SATO, PH.D., LEIF JOHANSSON, LOUIS J. FREEH, MICHAEL GROBSTEIN, and R. SANDERS WILLIAMS, M.D.,<br><br>Defendants,<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br><br>Nominal Defendant. | Case No. 1:07-CV-06890-PAC<br><br>Related Case No. 1:07-cv-05867-PAC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
PLAINTIFF STEVEN W. SAMPSON, TRUSTEE FOR
<u>AN ORDER APPOINTING LEAD DERIVATIVE COUNSEL</u>**

**I.   INTRODUCTION**

Plaintiff Steven W. Sampson, Trustee, through his undersigned counsel, respectfully submits this memorandum of law in support of his motion for an Order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Derivative Counsel in the above-captioned derivative action.

**II.   PROCEDURAL CONTEXT AND SUMMARY OF THE ALLEGATIONS
          AGAINST THE DEFENDANTS**

On July 31, 2007, Plaintiff filed a shareholder derivative complaint in the United States District Court for the Southern District of New York on behalf of Nominal Defendant Bristol-

Myers Squibb Company ("Bristol-Myers" or the "Company") against its Board of Directors: James D. Robinson III, Lewis B. Campbell, James M. Cornelius, Laurie H. Glimcher, M.D., Vicki L. Sato, Ph.D., Leif Johansson, Louis J. Freeh, Michael Grobstein, and R. Sanders Williams, M.D. (collectively, "Director Defendants").  One month earlier, on June 20, 2007, the Minneapolis Firefighters Relief Association filed a securities class action against Bristol-Myers and certain of its officers in the United States District Court for the Southern District of New York.  Then, on July 6, 2007, Jean Lai filed a similar securities class action.

To date, a total of two securities class actions and this one related shareholder derivative action were filed in this Court.  Additional related class and derivative actions may be filed.

The shareholder derivative action pending before this Court arises out of the harm caused to the Company (economic and otherwise) by the Director Defendants' unlawful actions and/or inactions relating to the agreement whereby Bristol-Myers and France's Sanofi-Aventis ("Sanofi") agreed to pay Apotex Corporation ("Apotex") not to market a generic version of Bristol-Myers' blockbuster brand-name prescription drug, Plavix (the "Apotex Agreement").

Director Defendants knew that the Apotex Agreement was nothing more than a naked restraint of trade among horizontal competitors. Accordingly, Director Defendants, along with Sanofi's executives, engaged in illegal conduct designed to circumvent the antitrust laws and avoid compliance with Bristol-Myers' consent decree with the Department of Justice forbidding the Company from taking certain action with respect to generic competition.  Moreover, the Director Defendants failed to take steps to prevent the Company's former CEO, Mr. Dolan, from structuring the Apotex Agreement – an arrangement that, on its face, violated both the law and the Company's consent decree.  This is especially egregious given the Company's well-documented history of anticompetitive conduct when dealing with generic competition.  The

Bristol-Myers Board of Directors' failure to actively oversee events at the Company has, in part, left Bristol-Myers exposed to criminal and regulatory sanctions, severe harm to its reputation, and a massive market capitalization decline.

By his complaint, Plaintiff, derivatively on behalf of Bristol-Myers, seeks relief for the damages sustained, and to be sustained by Bristol-Myers, as a result of Director Defendants' breaches of the duty of care and fiduciary duty. These breaches caused Bristol-Myers to be sued for, and exposed to liability for, violations under the anti-trust and anti-fraud laws, as well as exposure to criminal and regulatory sanctions and damage the Company's reputation and goodwill.

### III. THE WOLF HALDENSTEIN FIRM SHOULD BE APPOINTED LEAD DERIVATIVE COUNSEL

Shareholder derivative actions are governed by Rule 23.1 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 23.1. That rule contains no provision for the appointment of Lead Derivative Counsel. *Id*. Nonetheless, courts routinely appointed Lead Derivative Counsel in these types of actions. *See, e.g., MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958).

Competing derivative actions and uncoordinated counsel create a risk of inefficiency and inconsistent results. For that reason, courts commonly appoint Lead Derivative Counsel in consolidated derivative actions to insure the smooth and efficient litigation of the matter for the sake of both plaintiffs and defendants. Here, a voice for the derivative claims is also needed in light of the related class actions. In this case, despite the absence of competing derivative counsel at present, Wolf Haldenstein respectfully asks the Court to appoint them as Lead Derivative Counsel.

The criteria for appointing Lead Derivative Counsel in shareholder derivative actions should be similar to those utilized in class actions. These factors are: "[1] the work counsel has

done in identifying or investigating potential claims in the action, [2] counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, [3] counsel's knowledge of the applicable law, and [4] the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C)(i).  In addition, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(C)(ii).  These criteria, as well as the reasons below, all decisively point towards the approval of Plaintiff's selection of Wolf Haldenstein as Lead Derivative Counsel.

### A. <u>Wolf Haldenstein Is Experienced in Derivative Litigation</u>

Wolf Haldenstein is a substantial and well capitalized firm, and is fully capable and prepared to staff and finance this derivative action, including the document review, motions, depositions, retention of experts and trial.  The firm biography submitted in support of this motion demonstrates Wolf Haldenstein's vast experience in both derivative and class action litigation.  *See* Exhibit A to the Declaration of Gregory M, Nespole, submitted together herewith.  Thus, the Court may be assured that plaintiffs will receive the highest caliber of legal representation to vigorously advance their interests.

Wolf Haldenstein is a leader in the derivative litigation field, and is currently Lead Derivative Counsel in some of the most significant derivative actions pending in the United States, including, *inter alia*: *Alliance Capital Management Mutual Fund Derivative Litigation*, 03-CV-5345 (E.D.N.Y. 2003); *Fred Alger Mutual Fund Derivative Litigation,* 03-5958 (E.D.N.Y. 2003); *In re R&G Financial Corp. Derivative Litigation,* 05-5547 (S.D.N.Y.); *American International Group, Inc. (AIG) Consolidated Derivative Litigation,* C.A. No. 769-N (Del. Ch.); *In re Tyco International Ltd. Derivative Litigation*, 02-352-B (D.N.H.); *Strong Financial Corp. Mutual Fund Derivative Litigation*, 03-C-862 (E.D. Wis. 2003); *Janus Capital*

4

*Management Mutual Fund Derivative Litigation*, 03-5048 (E.D. Pa. 2003); *Bank of America Corp. Mutual Fund Derivative Litigation*, 03-CV-4446 (D.N.J. 2003); *Putnam, LLC Mutual Fund Derivative Litigation*, 03-CV-12227 (D. Mass. 2003); *Federated Mutual Fund Derivative Litigation,* 03-1942 (W.D. Pa. 2003); *Massachusetts Financial Services Company Mutual Fund Derivative Litigation,* 03-12483 (D. Mass. 2003); *Pilgram Baxter Mutual Fund Derivative Litigation,* 03-6522 (E.D. Pa. 2003); and *Invesco Mutual Fund Derivative Litigation,* 03-MK-2408 (D. Colo. 2003). Accordingly, Wolf Haldenstein's qualifications are more than sufficient.

      **B.**    <u>**Wolf Haldenstein Is A Well-Established New York-Based Litigation Firm**</u>

Principally located in New York City, with additional offices in Chicago, Illinois and San Diego, California, Wolf Haldenstein is recognized nationwide as one of the country's premier class action firms and is in a position to dedicate substantial resources to this litigation. The firm, founded in 1888, has a Class Action Litigation Group consisting of more than 35 lawyers with many years of class action experience and 10 paraprofessional assistants. Moreover, several partners from Wolf Haldenstein's other departments, including pension/ERISA, and tax attorneys, regularly consult with and advise Wolf Haldenstein's litigators in cases such as this one. Wolf Haldenstein's experience in class action securities litigation is particularly extensive. The firm has been lead or primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations and limited partnerships. Accordingly, Wolf Haldenstein is capable and prepared to pursue these claims.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court approve his selection of Wolf Haldenstein as Lead Derivative Counsel and enter the accompanying proposed Order.  *See* Exhibit B to the Declaration of Gregory M, Nespole, submitted together herewith.

Dated:  August 27, 2007

*Respectfully submitted,*

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:  /s/ Gregory Mark Nespole
Daniel W. Krasner (DK-6381)
Gregory Mark Nespole (GN-6820)
Paulette S. Fox (PF-2145)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy, Esq.
265 Llwyds Lane
Vero Beach, Florida  32963
Telephone:  (772) 231-4202
Facsimile:  (772) 492-1044

**GAINEY & MCKENNA**
Thomas J. McKenna, Esq.
485 Fifth Avenue, 3rd Floor
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383

**ATTORNEYS FOR PLAINTIFF**

/486848v2