**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN W. SAMPSON, TRUSTEE,<br><br>Plaintiff,<br><br>- against -<br><br>JAMES D. ROBINSON III, LEWIS B. CAMPBELL, JAMES M. CORNELIUS, LAURIE H. GLIMCHER, M.D., VICKI L. SATO, PH.D., LEIF JOHANSSON, LOUIS J. FREEH, MICHAEL GROBSTEIN, and R. SANDERS WILLIAMS, M.D.,<br><br>Defendants,<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br><br>Nominal Defendant. | Case No. 1:07-CV-06890-PAC<br><br>Related Case No: 1:07-cv-05867-PAC |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

This Court hereby directs the entry of this Case Management Order ("CMO") No. 1, and it is hereby ORDERED and DECREED as follows:

**I.    CONSOLIDATION**

1.    The caption of this action shall be In re Bristol-Myers Squibb Co. Derivative Litigation, and the files of this action shall be maintained in one file under Master File No. 1:07-CV-06890-PAC (the "Consolidated Action").  Any other derivative actions subsequently filed in or transferred to this District, which arise out of substantially the same facts as alleged in the above, will be consolidated for all purposes or pretrial purposes if, as, and when they are brought to the Court's attention.

2.	The terms of this Case Management Order No. 1 (the "Order") shall not have the effect of making any person, firm or corporation a party to any action in the person or entity has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

## II.	MASTER DOCKET AND MASTER FILE

1.	A Master File is hereby established for this proceeding. The Master File shall be Case No. 1:07-CV-06890-PAC. The Clerk shall file all pleadings in the Master File and note such filing on the Master Docket.

2.	An original of this Order shall be filed by the Clerk in the Master file.

3.	The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

## III.	NEWLY-FILED OR TRANSFERRED ACTIONS

4.	This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as a part of the <u>In re Bristol-Myers Squibb Co. Derivative Litigation</u>.

5.	When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    (a)	File a copy of this Order in the separate file for such action;

    (b)	Mail a copy of this Order to the attorneys for the Plaintiff(s) in the newly-filed or transferred case; and

    (c)	Make the appropriate entry in the Master Docket for the Consolidated Action.

6.	Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto.

## IV.     APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

7.     This Order shall apply to each related action assigned to the undersigned alleging claims similar to those set forth in this action and brought derivatively on behalf of Bristol-Myers Squibb Co., so long as the Bristol-Myers Directors are named as defendants in the action and Bristol-Myers is named a nominal defendant in the action. This Order shall govern each such case which is subsequently filed in this Court or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date upon which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on that application.

8.     Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint from the Derivative Complaint already on file with this Court, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to file a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect thereto.

## V.     CAPTIONS

9.     Every pleading filed in the Consolidated Action, and in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| IN RE BRISTOL-MYERS SQUIBB CO. | : | Master File |
| DERIVATIVE LITIGATION | : | No. 1:07-CV-06890-PAC |
| | : | |
| _____ | : | |

## VI. LEAD DERIVATIVE COUNSEL

10. Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), 270 Madison Avenue, New York, NY 10016, (212) 545-4600, shall serve as Lead Derivative Counsel.

11. Lead Derivative Counsel shall have authority to speak for plaintiff in matters regarding pretrial procedure and settlement negotiations.

12. Lead Derivative Counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiff and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Derivative Counsel.

13. Lead Derivative Counsel also shall be available and responsible for communications to and from this Court, including the distribution to counsel of orders and other directions from the Court. Lead Derivative Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

14. If any defendant files a single pleading or other paper directed to all plaintiffs in the Consolidated Action, the response on behalf of the plaintiff shall be made in a single pleading or other paper to be served by Lead Derivative Counsel. All plaintiffs in the Consolidated Action shall be bound by that pleading or paper.

15. Lead Derivative Counsel may communicate to defendants agreements upon which defendants' counsel may rely, and such agreements shall be binding on all plaintiffs.

16. Defendants shall affect service of papers on plaintiff by serving a copy of same on Plaintiff's Lead Counsel which shall constitute service and notice to those attorneys for which Plaintiff's Lead Counsel is acting. Plaintiff shall affect service of papers on defendants by

serving a copy of same on defendants' counsel.

**G.   SCHEDULE**

17.   A pre-trial conference in the above-captioned matter and oral argument on any pending motions shall be held on _____, 2007 at _____ _.m.

18.   Further proceedings in this Consolidated Action will be conducted in accordance with applicable orders, federal and local court procedural rules and Individual Practices Rules of the Undersigned.

**IT IS SO ORDERED.**

This ____day of _____, 2007.

_____
JUDGE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

/486440