**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN W. SAMPSON, TRUSTEE,<br><br>　　　　　Plaintiff,<br><br>　　- against -<br><br>JAMES D. ROBINSON III, LEWIS B. CAMPBELL, JAMES M. CORNELIUS, LAURIE H. GLIMCHER, M.D., VICKI L. SATO, PH.D., LEIF JOHANSSON, LOUIS J. FREEH, MICHAEL GROBSTEIN, and R. SANDERS WILLIAMS, M.D.,<br><br>　　　　　Defendants,<br><br>　　and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br><br>　　　　　Nominal Defendant. | Case No. 1:07-CV-06890-PAC<br><br>Related Case No. 1:07-cv-05867-PAC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S**
**MOTION FOR AN ORDER APPOINTING LEAD DERIVATIVE COUNSEL**

Plaintiff Steven W. Sampson, Trustee, through his undersigned counsel, respectfully submits this reply memorandum of law in further support of his motion (the "Motion") for an order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Derivative Counsel, and in response to the Opposition to the Motion filed by Nominal Defendant Bristol-Myers Squibb Company ("Bristol-Myers"), together with James D. Robinson III, Lewis B. Campbell, James M. Cornelius, Laurie H. Glimcher, M.D., Vicki L. Sato, Ph.D., Leif Johansson, Louis J. Freeh, Michael Grobstein, and R. Sanders Williams, M.D. ("Director Defendants," and collectively, "Defendants").

**I.    INTRODUCTION**

Defendants' two-page opposition to Plaintiff's Motion unilaterally resolves that there is "'no need' for the appointment of lead derivative counsel based on the current stage of proceedings." Opposition Brief, at p. 1.  This is simply untrue.  While it is correct that the above-captioned action is *presently* the only derivative action before this Court, additional actions may be filed. Moreover, there is a related securities class action which runs parallel to this derivative action. Plaintiff's Motion recognizes the possibility of subsequent actions and the potential for coordination challenges with the related securities class action; and therefore, asks the Court to enter the proposed Order (previously submitted with Plaintiff's Opening Brief). For these reasons, this Court should appoint Wolf Haldenstein as Lead Derivative Counsel and enter the proposed Order to insure the smooth and efficient litigation of this derivative action for the sake of Plaintiff, Director Defendants and Nominal Defendant Bristol-Myers.

**II.    ARGUMENT**

    **A.    <u>The Appointment Of Lead Derivative Counsel Is Necessary</u>**

Though Defendants contend that the appointment of lead derivative counsel is "entirely unnecessary," (Opp. Br. at p. 1-2), courts have disagreed. "The appointment of … lead counsel in a consolidated shareholder derivative litigation is a matter of discretion." *In re Comverse Technology, Inc. Deriv. Litig.*, No. 06-CV-1849, 2006 WL 3761986, at *1 (E.D.N.Y. Sept. 22, 2006) (appointing lead derivative counsel).[1]  In fact, upon expounding on the benefits of

---

[1] *See also, e.g., In re DHB Industries, Inc. Derivative Litig,* No. 05-CV-4345 (E.D.N.Y. Jan. 31, 2006 Order adopting Report and Recommendation dated Jan. 1, 2006) (appointing lead derivative counsel); *Computer Assocs. Int'l, Inc. Deriv. Litig.,* No. 04-CV-2697 (E.D.N.Y. Oct. 19, 2004) (same); *In re NBTY, Inc. Deriv. Litig.,* No. 04-CV2876 (E.D.N.Y. Nov. 4, 2004) (same); *Scalisi v. Fund Asset Mgmt, L.P.,* No. 02-CV-5592 (E.D.N.Y. Jan. 31, 2003) (same); *see also Bernstein v. Presidential Life Corp.,* No. 92 Civ. 6968, 1993 WL 43559 (S.D.N.Y. Feb. 10, 1993) (same).

consolidation of derivative actions in the seminal case of *MacAlister v. Guterma,* the Second Circuit court noted that "[a]n order consolidating such [derivative actions] during the pre-trial stages, *together with the appointment of a general counsel,* may in many instances prove the only effective means of channeling the efforts of counsel...." 263 F.2d 65, 68 (2d Cir. 1958) (emphasis added). Here, contrary to Defendants' argument, the Court, in its discretion, should recognize that the potential for competing derivative actions and uncoordinated counsel poses a risk of inefficiency and inconsistent results. *See* Opening Brief, at p. 3.[2]  Also, a voice for the derivative claims is needed in light of the related class actions. The proposed Order provides the necessary representation, leadership, and organization for the derivative litigation pending against Director Defendants. Despite the absence of competing derivative counsel at present, Wolf Haldenstein respectfully asks this Court to appoint them as Lead Derivative Counsel.

    **B.**    **Defendants' Attack On The Complaint's Allegations Is Not Appropriate At This Stage Of The Proceedings**

Defendants' issues with the sufficiency of the allegations in Plaintiff's July 31, 2007 shareholder derivative complaint (the "Complaint") and this Court's decision to allow Plaintiff to file an amended complaint on October 15, 2007, are wholly misplaced and entirely inappropriate for consideration under this instant Motion. Opp. Br., at p. 2. Rather, the Motion is narrowly-tailored to Plaintiff's request for the approval of a certain leadership and organizational structure in the derivative action.  It does not invite a debate of the merits of Plaintiff's claims, nor does it provide an opportunity for Defendants to object to this Court's scheduling decisions.

---

[2] Curiously, Defendants assert that no other "person or party … intends to bring a similar action." Opp. Br., at p. 2. Plaintiff wonders how it is that Defendants are able to know such a definitive fact. Whether or not additional derivative plaintiffs will come forward is simply indeterminable.

Whether the Complaint has sufficiently pled allegations against the Director Defendants is completely unrelated to the relief requested by Plaintiff's instant Motion. Moreover, the discussion is clearly premature. Defendants are most certainly aware of this fundamental procedural fact. Defendants will have the opportunity to be heard and may appropriately raise whatever issues they have with Complaint on October 29, 2007 -- the Court's deadline for filing their motion to dismiss. Plaintiff's Motion for the appointment of Lead Derivative Counsel is neither the time nor place for consideration of these tangential issues.

### III.   CONCLUSION

For the foregoing reasons, as well as the reasons previously delineated in his Opening Brief, Plaintiff respectfully requests that this Court grant his Motion to appoint Wolf Haldenstein as Lead Derivative Counsel and enter the proposed Order.

Dated:  September 21, 2007

*Respectfully submitted,*

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

By:   /s/ Gregory Mark Nespole
   Daniel W. Krasner (DK-6381)
   Gregory Mark Nespole (GN-6820)
   Paulette S. Fox (PF-2145)
   270 Madison Avenue
   New York, New York 10016
   Telephone: (212) 545-4600
   Facsimile: (212) 545-4653

**LAW OFFICES OF BRUCE G. MURPHY**
   Bruce G. Murphy, Esq.
   265 Llwyds Lane
   Vero Beach, Florida  32963
   Telephone:  (772) 231-4202
   Facsimile:  (772) 492-1044

        **GAINEY & MCKENNA**
        Thomas J. McKenna, Esq.
        295 Madison Avenue, 4th Floor
        New York, NY 10017
        Tel: (212) 983-1300
        Fax: (212) 983-0383

        **ATTORNEYS FOR PLAINTIFF**

/488523v2