# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN W. SAMPSON, TRUSTEE,<br><br>Plaintiff,<br><br>- against -<br><br>JAMES D. ROBINSON III, LEWIS B. CAMPBELL, JAMES M. CORNELIUS, LAURIE H. GLIMCHER, M.D., VICKI L. SATO, PH.D., LEIF JOHANSSON, LOUIS J. FREEH, MICHAEL GROBSTEIN, and R. SANDERS WILLIAMS, M.D.,<br><br>Defendants,<br><br>and<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br><br>Nominal Defendant. | Case No. 1:07-CV-06890-PAC<br><br>Related Case No. 1:07-cv-05867-PAC<br><br>**FILED ELECTRONICALLY** |

**DERIVATIVE PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS OF NOMINAL DEFENDANT BRISTOL-MYERS SQUIBB COMPANY AND THE DIRECTOR DEFENDANTS**

Daniel W. Krasner (DK-6381)
Gregory Mark Nespole (GN-6820)
Alexander H. Schmidt (AS-8304)
Paulette S. Fox (PF-2145)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600

*Counsel for Derivative Plaintiff*

Dated: New York, New York
December 17, 2007

II. **THE COMPLAINT ADEQUATELY STATES CLAIMS FOR VIOLATION OF STATE LAWS**

   A. **The Complaint States A Claim Upon Which Relief May Be Granted Under Rule 12(b)(6)**

Here, the Complaint sufficiently alleges facts and states claims that at the pleading stage must be accepted as true under Fed. R. Civ. 12(b)(6).[19] Perhaps that is why Defendants have chosen not to move to dismiss any of derivative plaintiff's claims on their merits.[20] Accordingly, derivative plaintiff stands by the well-pleaded allegations of his Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint should be denied in its entirety.[21]

---

[19] In considering a motion to dismiss under Rule 12(b)(6), the court is required to assume the truthfulness of all well-pleaded allegations of fact in the complaint and all inferences that can reasonably be drawn from the complaint. *Jacobson v. Ronsdorf*, C.A. No. 518-N, 2005 Del. Ch. LEXIS 2, at *11 (Del. Ch. Jan. 6, 2005). The Complaint should not be dismissed unless it is determined with reasonable certainty that there is no set of facts that can be inferred from the Complaint on which Plaintiffs could prevail. *Solomon v. Pathe Commc'ns. Corp.*, 672 A.2d 35, 39 (Del. 1996).

[20] The Complaint alleges derivative claims for breach of fiduciary duty (Count I), contribution and indemnification (Count II), Breach of Fiduciary Duty of Good Faith in connection with Management of Bristol-Myers (Count III), Breach of Fiduciary Duty of Good Faith for Dissemination of Misleading and Inaccurate Information (Count IV), and Breach of Fiduciary Duty of Good Faith for Failure to Establish Adequate Internal Controls (Count V).

[21] As demonstrated herein, the Complaint properly alleges demand futility and states a claim. However, if the Court determines that there are any deficiencies in the allegations against Defendants, derivative plaintiff respectfully requests he be granted leave to replead. *See* Fed. R. Civ. P. 15(a) (leave to replead shall be freely given). *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to replead "should, as the rules require, be 'freely given'").

Dated: December 17, 2007

> *Respectfully submitted,*
>
> **WOLF HALDENSTEIN ADLER**
> **FREEMAN & HERZ LLP**
>
> By: ___/s/ Gregory M. Nespole___
>   Daniel W. Krasner (DK-6381)
>   Gregory Mark Nespole (GN-6820)
>   Alexander H. Schmidt (AS-8304)
>   Paulette S. Fox (PF-2145)
>   270 Madison Avenue
>   New York, New York 10016
>   Telephone: (212) 545-4600
>   Facsimile: (212) 545-4653
>
> **LAW OFFICES OF BRUCE G. MURPHY**
>   Bruce G. Murphy, Esq.
>   265 Llwyds Lane
>   Vero Beach, Florida 32963
>   Telephone: (772) 231-4202
>   Facsimile: (772) 492-1044
>
> **GAINEY & MCKENNA**
>   Thomas J. McKenna, Esq.
>   295 Madison Avenue, 4th Floor
>   New York, NY 10017
>   Tel: (212) 983-1300
>   Fax: (212) 983-0383
>
> **COUNSEL FOR DERIVATIVE PLAINTIFF**

/495515v5