# EXHIBIT F

```
 1  UNITED STATES DISTRICT COURT
 1  SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 2
 3  STEVEN W. SAMPSON,
 3
 4          Plaintiff,
 4
 5      v.               07 Civ. 6890 (PAC)
 5
 6  JAMES D. ROBINSON, III, et al.,
 6                       Argument
 7          Defendants.
 7
 8  ------------------------------x
 8
 9                       New York, N.Y.
 9                       April 9, 2008
10                       3:10 p.m.
10  Before:
11
11          HON. PAUL A. CROTTY
12
12                       District Judge
13
13
14          APPEARANCES
14
15
15
16  WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
16       Attorneys for Plaintiff
17          270 Madison Avenue
17          New York, New York  10016
18          (212) 545-4600
18  BY:  ALEXANDER H. SCHMIDT, ESQ.
19       PAULETTE S. FOX, ESQ.
19
20
20  DEBEVOISE & PLIMPTON LLP
21       Attorneys for Defendant Bristol-Myers Squibb Company
21          919 Third Avenue
22          New York, New York  10022
22          (212) 909-6000
23  BY:  LORIN L. REISNER, ESQ.
23
24
24  LATHAM & WATKINS LLP
25       Attorneys for director defendants
```

1    New York, New York 10022-4802
1    (212) 906-1200
2   BY: KENNETH CONBOY, ESQ.
2

2

1  satisfy the particularity standard.

2      Reading from paragraph 143, you say, "Demand is
3  excused because there is unlawful conduct that was not within
4  the protection of the business judgment rule."

5      At 145 you say, "a sustained and systematic," I think
6  you mean "systemic," "failure to manage and oversee the
7  company's business."

8      146, "consciously and knowingly ignoring numerous red
9  flags."

10     Pretty broad language. Where do you get more
11  particular, Mr. Schmidt?

12     MR. SCHMIDT: Your Honor, we do include a lot of
13  allegations, some of which are conclusory, but in our brief we
14  have synthesized what are the particularized facts. Those are
15  the facts that we discussed today. The overall environment in
16  which this board was operating at the time of the Plavix
17  lawsuit, the history of --

18     THE COURT: These pleadings have got to be accepted as
19  true and complete, and normally they are not supplemented by
20  your arguments in the briefs.

21     MR. SCHMIDT: No, your Honor.

22     THE COURT: Those are the pleading rules, right?

23     MR. SCHMIDT: Your Honor, the central theory of our
24  case is essentially expressed in paragraphs 148 and 149. We
25  have enough particularized facts, if you ignore the more

1  conclusorily pled facts, to satisfy the particularity

2  requirement.

3      THE COURT: With regard to paragraph 148, what cases

4  do you have specifically that say that these red flags should

5  have alerted the board that it was obligated to actively

6  participate in the negotiations and process leading to the

7  execution of the revised a potential agreement? I've read most

8  of the cases you've cited, but none of the cases that I can

9  recall right now as I sit here say boards have an obligation to

10 appoint their own counsel or to participate in negotiation. I

11 haven't found that case. This may be the first one.

12     MR. SCHMIDT: Yes, your Honor. We haven't found any

13 cases that say that is required, but there are no cases that

14 say that it is not required, either. What the cases say is

15 that if there is a propensity or evidence of possible wrong

16 doing, the board has an affirmative duty to act, to intervene

17 on behalf of the shareholders to prevent that from occurring.

18     How this board could have done that is not a matter of

19 case law; it's a matter of logic and business judgment at the

20 time.

21     THE COURT: If they had intervened, what would they

22 have done differently?

23     MR. SCHMIDT: As I suggested earlier, your Honor, they

24 could have appointed their own outside counsel.

25     THE COURT: Yes, I assume under your hypothetical they